HarrisoN, J.,
delivered the opinion of the Court.
The defendant was presented for betting upon a shooting match, which was shot, as charged, within. two, hundred yards of a public road. At the November Term, 1867, the defendant moved .to quash the presentment, which motion was sustained; to which action of the Court, the District Attorney excepted, and appealed in error to this Court.
We have, heretofore, held, in Meyers vs. The State, 8 Sneed, 98, and in 5 Yer., 184, that: “All the statutes upon the subject of gaming, are to be taken together as one law;” and we must, therefore, look to the various provisions of the statute concerning gaming, in order to determine the question raised in this cause.
If the presentment is for the offense made by section 1701, of the Code, there was no error in sustaining the motion of the defendant to quash the presentment; for that section provides that: “Any person shooting at a mark, or other object, for amusement, within the bounds of any town, or within two hundred yards of any public road of the first and second class, or about the barn or stock-yard of another, shall forfeit ten dollars for each offense to- any person sueing therefor.” And does not,, by its terms, make the act of shooting under such circumstances, an indictable offense. The *57 forfeiture accrues against the party offending, although the shooting at a mark, or other object, was only for amusement, if the shooting was within the bounds of a town, or within two hundred yards of a road of the class named in the Act.
If the offense were indictable under this section, and the presentment had charged that the shooting at a mark, or other object, was for amusement, the presentment would have been quashed, on motion, unless it had charged, that the shooting was within two hunderd yards of a public road of the first or second class. Eor the shooting within two hundred yards of a road of that class, is a material ingredient in the offense. Section 4596, of the Code, provides, that: “When the performance of any act is prohibted by statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor.” By section 4990, which is a copy of the 4th section of the Act of 1842, it is provided, that; “All violations of the criminal laws may be prosecuted by indictment or presentment of a grand jury.” This fourth section of the Act of 1842, was construed in The State vs. Maze, 6 Hum., 17, wherein it was held, that the Act was passed simply to make presentable whatever was indictable, and vice versa, and not to create new misdemeanors. Section 4870, article 4, of the Code, provides: “That, if any person play any game of hazard for address, for money, or other valuable .thing, or make any bet or wager for money or other valuable thing, he is guilty o'f a misdemeanor.” But, by section 4880, shooting matches are *58 declared not to be within the prohibitions of this article.
Now, the presentment in this case, charges, that the defendant, “did bet, gamble, and put in hazard, upon a certain shooting match, which was then and there shot, within two hundred yards of a public road, money, banknotes, and property, of the value of fifty cents,” etc. This would be a good presentment for gaming under section 4870, if betting on a shooting match is indictable at all, since our Act of 1817, incorporated in section 4880, of the Code.
The offense consists in making a bet or wager, for money or'other valuable thing; and in relation to this offense, under section 4870, the place where the offense was committed, (except the laying of the venue in the County of Williamson, to show the jurisdiction of the Court,) was not material, and the words, “within two hundred yards of a public road,” might be rejected as surplusage. It certainly could not affect the validity of the presentment.
But, was the defendant, although he made a bet or wager, for money or other valuable thing, upon a shooting matoth, guilty of any offense against the laws, unless the bet was made upon a match which was contested, or shot, within two hundred yards of a public road of the first or second class? In the case of Meyers vs. The State, 3 Sneed, 98, the charge in the indictment, was, that the defendant did bet, wager and hazard, one watch of the value of five dollars, upon a certain contest of skill and hazard, commonly called *59 shooting, which was then and there contested, had and shot, at a mark, nearer than two hundred yards of a certain public road of the second class. The error assigned in that case, was that the indictment charged no offense. This Court held in that case, that the shooting prohibited by the Act of 1821, (since enacted in the Code, section 1701,) is not within the exemption of the Act of 1817, chap. 61, sec. 7, to-wit: “The exemption that nothing in said Act of 1817, should be construed so as to prevent shooting matches; that the Act of 1821, only gave a penalty, and that, construed without reference to other Acts upon the same subject, it was clear that the offense, thereby created, was not indictable.” The question as to whether the offense created by the Act of 1821, (section 1701 of the Code,) when taken in connection with previous enactments, was indictable, was expressly reserved. This Court held, however, in that case, that the shooting contemplated by the Act of 1821, was unlawful; and, being so, to wager or bet upon such unlawful act, was an indictable offense under the general provisions of our statutory law against gaming. The Court also held, in that case, that the principle laid down in Huff vs. The State, was applicable to that case.
We are satisfied, upon an examination of the statutes on gaming, and the cases decided by this Court, herein referred to, that a bet or wager on shooting matches, since our Act of 1817, is not unlawful; and that, as the presentment in the case under consideration, is for betting on a shooting match, to make the act charged unlawful, it was indispensable to charge in *60 the presentment, if it was sought to connect the act of .betting on the shooting match with the offense charged by section 1701 of the Code, that the shooting was within two hundred yards of a public road of the first or second class; as, unless it was shown that the shooting was within that distance of a road of such class, it would not be an unlawful act, such as would bring the case within the rule laid down in Meyers vs. The State, to-wit: That the shooting being unlawful, to wager or bet upon such unlawful act, was an indictable offense under the general provisions of our statutory law against gaming.
The judgment of the Circuit Court quashing the prer sentment, is affirmed, with costs; and the defendant will be discharged from his recognizance entered into, for his appearance before the Circuit Court.